UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**United States Securities and Exchange Commission,**

        **Plaintiff,**

  v.

**Bradley T. Smith, et al.,**

        **Defendants.**

Case No. C2-CV-04-739
JUDGE GREGORY L. FROST
MAGISTRATE JUDGE ABEL

## OPINION & ORDER

This matter is before the Court pursuant to the following filings:

1. A motion *in limine filed by* Plaintiff United States Securities and Exchange Commission ("SEC") to exclude evidence or argument at trial concerning an allegation contained in the original complaint but subsequently dropped (Doc. # 75); and

2. A motion for reconsideration of the Court's order on the SEC's motion for summary judgment and a response in opposition to the SEC's motion in limine filed by Defendants Bradley Smith, Continental Midwest Financial, Inc. ("Continental"), and Scioto National, Inc. ("Scioto") and Relief Defendants Bancshareholders of America and Bancshares Investors Brokerage, Inc. (Doc. # 82).

3. An unopposed motion to voluntarily dismiss Count V of the Second Amended Complaint filed by the SEC (Doc. # 84).

1

I.    **MOTION FOR RECONSIDERATION**

Defendants move the Court to reconsider its Order (Doc. # 81) that granted in part and denied in part the SEC's motion for summary judgment. (Doc. # 82). A court may reconsider its grant of summary judgment under either Federal Rules of Civil Procedure Rule 59(e) or Rule 60(b). *School Dist. No. 1 J. Multnomah County, Or. v. Acands, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "'The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Reconsideration of a decision is appropriate if the court: 1) is presented with newly discovered evidence; 2) committed clear error or the initial decision was manifestly unjust; or 3) there is an intervening change in controlling law. *Berry v. Wise*, No. 03-3067-CO, 2004 U.S. Dist. LEXIS 16897, at *3 (D. Or. 2004) (citing *School Dist. No. 1*, 5 F.3d at 1263); *see also North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 605-606 (D. Pa. 2002) (quoting *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. December 18, 2001).

Defendants' motion neither introduces new evidence nor establishes that the Court committed a clear error or issued a manifestly unjust decision. Defendants' motion also fails to argue an intervening change in the law. Instead, Defendants merely restate arguments they previously presented in their memorandum in opposition–thereby impermissibly attempting to relitigate a point of disagreement between Defendants and the Court. As such, the Court

**DENIES** Defendants' motion.  (Doc. # 82).

II.     MOTION IN LIMINE

The SEC moves the Court for an order prohibiting Defendants from introducing evidence and/or argument regarding an allegation raised in the original complaint but subsequently dropped with the filing of the SEC's First Amended Complaint.  (Doc. # 75).  Specifically, the SEC originally named Bankstock Investment Partners Series # 1, LP ("Bankstock") as a Defendant based on the allegation that someone had misused $50,000 in Bankstock funds to pay an income tax bill. (Doc. # 72 at 1).  The SEC's Second Amended Complaint, like the first, contains no reference to that allegation.

The SEC's motion *in limine* asserts that any evidence related to that vacated allegation is irrelevant to the lone issue for the Court at trial–whether Smith violated Section 20(e) of the Exchange Act by aiding and abetting Continental's and Scioto's violations of Section 10b and Rule 10b-5 of the same act.  (Doc. # 75 at ; *see also* Doc. # 81).  Defendant opposes the SEC's motion, arguing that such evidence is relevant to show that the SEC acted in bad faith by asserting that claim at all. (Doc. # 82 at 22).

When a plaintiff files an amended complaint, the new complaint supercedes all previous complaints and controls the case from that point forward.  *Parry v. Mohawk Motors of Michigan, Inc*. 236 F.3d 299, 306-07 (6th Cir. 2000).  Thus, the Court's focus at trial will be on the claim that the SEC asserted in its Second Amended Complaint that was not disposed of at the summary judgment stage–whether Smith violated Section 20(e) of the Exchange Act by aiding and abetting Continental's and Scioto's violations of Section 10b and Rule 10b-5 of the same act. Evidence pertaining to the SEC's good or bad faith in asserting a claim it later dropped is

3

irrelevant to this determination. Thus, the Court **GRANTS** the SEC's motion *in limine* to exclude all evidence, testimony, and attorney statements relating to the allegations in the original complaint relative to the misuse of $50,000 in Bankstock funds.

### III.     MOTION TO VOLUNTARILY DISMISS COUNT V

The SEC wants to voluntarily dismiss Count V of the Second Amended Complaint without prejudice, presumably pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. # 84). Count V is only asserted against Defendant Smith. (Doc. # 58). The SEC states that Defendant Smith does not oppose the motion. (Doc. # 84). The Court **GRANTS** the motion (Doc. # 84), and hereby dismisses Count V of the Second Amended Complaint without prejudice.

**IT IS SO ORDERED.**


    /s/   Gregory L. Frost

**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**