

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

United States Securities and
Exchange Commission,

      Plaintiff,

      v.

Bradley T. Smith, Continental
Midwest Financial, Inc., and
Scioto National, Inc.,

      Defendants,

Bancshareholders of America, Inc.
And Bancshare Investors Brokerage, Inc.

                Relief Defendants.

Case No.: C2 04 0739

Judge Gregory L. Frost
Magistrate Judge Abel

---

## FINAL JUDGMENT AS TO ALL DEFENDANTS

WHEREAS, the Court having considered the Motion for Summary Judgment of Plaintiff

Securities and Exchange Commission (Doc. #48) and all of the memoranda and evidence filed

by the parties in connection with that motion and the Court having considered all of the

arguments and evidence of the parties;

AND WHEREAS the Court having issued its Opinion and Order entered September 27,

2005 (Doc. #81) granting in part and denying in part Plaintiff's motion for summary judgment

against Defendants and finding that Defendants Bradley T. Smith ("Smith"), Continental

Midwest Financial, Inc. ("Continental") and Scioto National, Inc. ("Scioto") violated Section

17(a)(1), (2) and (3) of the Securities Act of 1933, and Section 10(b) of the Securities Exchange

Act of 1934 and Rule 10b-5 thereunder, by, among other things, making material misrepresentations and omissions regarding the uses to be made of investors' money;

AND WHEREAS the Court having also found Smith jointly and severally liable with Continental and Scioto under Section 20(a) of the Securities Exchange Act as a control person of those entities;

AND WHEREAS Plaintiff having voluntarily dismissed, without prejudice, its aiding and abetting liability claim against Smith under Section 20(e) of the Securities Exchange Act in light of the Court's findings of primary liability;

AND WHEREAS the Court having scheduled an evidentiary hearing to determine what remedies should be entered against each of the Defendants;

AND WHEREAS the parties having now entered into and filed with the Court a Stipulation as to the remedies to be entered based on such findings, without waiving Defendants' right to appeal the findings of liability set forth in the Opinion and Order;

## I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants Smith, Continental and Scioto and any and all of their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Smith, Continental and Scioto and any and all of their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that

Defendant Continental is liable for disgorgement in the amount of $1,272,665.93, representing

its unlawful gains as a result of the conduct alleged in the Complaint, together with prejudgment

interest thereon in the amount of $136,483.42, for a total of $1,409,149.35.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that

Defendant Scioto is liable for disgorgement in the amount of $822,852.00, representing its

unlawful gains as a result of the conduct alleged in the Complaint, together with prejudgment

interest thereon in the amount of $62,196.37, for a total of $885,048.37.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that

Defendant Smith, as a control person of Continental and Scioto under Section 20(a) of the

Exchange Act, is jointly and severally liable with Continental and Scioto for the full amounts of

their disgorgement and prejudgment interest. Smith's total joint and several disgorgement

obligation is in the amount of $2,095,517.93, together with prejudgment interest thereon in the

amount of $198,679.79, for a total of $2,294,197.72.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Relief

Defendant BancShareholders of America, Inc. ("BSA") is liable for disgorgement of $631,292

representing gains received as a result of the conduct alleged in the Complaint, together with

prejudgment interest thereon in the amount of $47,717, for a total of $679,009. Payments made

by BSA in satisfaction of this disgorgement obligation shall be allocated in the ratio of 2.7857 to

1 as between Continental and Scioto toward satisfaction of the Continental and Scioto's

respective disgorgement obligations, which shall be reduced by all such amounts.

4

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Relief

Defendant Bancshare Investors Brokerage, Inc. ("BSIB") is liable for disgorgement of $313,012,

representing gains received as a result of the conduct alleged in the Complaint, together with

prejudgment interest thereon in the amount of $23,569, for a total of $336,581.  All the amounts

paid by BSIB in satisfaction of this disgorgement obligation shall be applied toward the

satisfaction of Continental's disgorgement obligations, which shall be reduced by all such

amounts.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) against any and all Defendants at any time after ten days following entry of this Final

Judgment.  In response to any such civil contempt motion by the Commission, the defendant(s)

may assert any legally permissible defense.  Payments under this paragraph shall be made to the

Clerk of this Court, together with a cover letter for each payment identifying the defendant who

is making the payment as a defendant in this action; setting forth the title and civil action number

of this action and the name of this Court; and specifying that payment is made pursuant to this

Final Judgment.  Defendants making any such payment shall simultaneously transmit

photocopies of each such payment and letter to the Commission's counsel in this action.

Defendants relinquish all legal and equitable right, title, and interest in such payments, and no

part of the funds shall be returned to Defendants.  The Clerk shall deposit the funds into an

interest bearing account with the Court Registry Investment System ("CRIS") or any other type

of interest bearing account that is utilized by the Court.  These funds, together with any interest

and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing

account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines

set by the Director of the Administrative Office of the United States Courts, the Clerk is

directed, without further order of this Court, to deduct from the income earned on the money in

the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed

that authorized by the Judicial Conference of the United States. The Commission may propose a

plan to distribute the Fund subject to the Court's approval. Defendants shall pay post-judgment

interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that

Defendant Smith shall pay a civil penalty in the amount of $120,000.00 pursuant to Section

21(d) of the Securities Act [15 U.S.C. § 77t] and Section 21(d) of the Exchange Act [15 U.S.C. §

78u(d)]. Defendant Smith shall satisfy this obligation by paying $120,000 within ten business

days to the Clerk of this Court, together with a cover letter identifying Bradley Smith as a

defendant in this action; setting forth the title and civil action number of this action and the name

of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant

Smith shall simultaneously transmit photocopies of such payment and letter to the Commission's

counsel in this action. By making this payment, Defendant Smith relinquishes all legal and

equitable right, title, and interest in such funds, and no part of the funds shall be returned to

Defendant Smith. Defendant Smith shall pay post-judgment interest on any delinquent amounts

pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds with the Court Registry Investment System ("CRIS") or

any other type of interest bearing account that is utilized by the Court. These funds shall be

added to and included with all disgorgements amounts paid into the Fund, as described above,

and treated in the same manner as the other moneys paid into the Fund.

6

All civil penalty amounts paid into the Fund may be distributed to investors as part of any plan of distribution, pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Smith shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that the Opinion and Order entered September 27, 2007 and the Stipulation filed by the parties are incorporated herein with the same force and effect as if fully set forth herein.

7

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

Dated: _12/6/05_

GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

8